# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JASON A. GORDON, BAR NO. 10598. | No. 75057 |
| IN THE MATTER OF DISCIPLINE OF JASON A. GORDON, BAR NO. 10598. | No. 75058 |



**FILED**

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

These are automatic reviews of two Southern Nevada Disciplinary Board hearing panels' recommendations that attorney Jason A. Gordon be suspended for two six-month-and-one-day terms, to run concurrently, based on one violation each of RPC 1.2 (scope of representation), RPC 1.5 (fees), and RPC 3.2 (expediting litigation) and two violations each of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 8.1(b) (disciplinary matters), and RPC 8.4 (misconduct).[1] Because no briefs have been filed, these matters stand submitted for decision based on the records. SCR 105(3)(b).

---

[1]Gordon is currently administratively suspended for failing to complete continuing legal education requirements, comply with State Bar reporting requirements, and pay State Bar dues.

18-27837

The facts and charges alleged in the complaints are deemed admitted because Gordon failed to answer the complaints and appear at the hearings.[2] SCR 105(2). The admitted facts establish that Gordon accepted a $500 fee and a $200 filing fee to represent a client in a landlord/tenant matter, failed to stay in contact with the client, and a year later emailed the client apologizing for his lack of contact and for the lack of progress in the case, but failed to refund the client's money. Additionally, Gordon accepted a retainer to represent a client in a criminal matter but failed to communicate with the client and failed to appear at two hearings, which required the court to appoint a public defender to represent the client. Gordon also failed to appear at two hearings for two other clients each, one which resulted in the client being sentenced in accordance with a plea agreement without Gordon's presence, and one which resulted in the appointment of new counsel to represent the client. Further, Gordon failed to respond to the State Bar's lawful requests for information regarding these complaints.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "exercise independent judgment," the panel's recommendations are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In

---

[2]The State Bar sent the bar complaints, the notices of intent to take a default, scheduling notices, and other documents to Gordon through regular and certified mail at his SCR 79 address as well as through email. Gordon was also personally served with a copy of the complaint and notice of intent to take a default, as well as other documents, in Docket No. 75057, and with the notices of the formal hearings in both dockets.

determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Gordon knowingly or intentionally violated duties owed to his clients (diligence, communication, terminating representation, and expediting litigation) and the profession (fees and failing to respond to lawful requests for information by a disciplinary authority). At least one client suffered an actual injury because his landlord/tenant issue was not resolved and his retainer was never refunded. Gordon's other clients were either injured or potentially injured by his failure to appear on their behalf in court. Gordon's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

Based on the most serious instances of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction in this case before considering aggravating and mitigating circumstances is either suspension or disbarment. *Compare id.* Standard 4.41 (indicating that disbarment is generally appropriate when "a lawyer abandons the practice and causes serious or potentially serious injury to a client" or "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect

with respect to client matters and causes serious or potentially serious injury to a client"), *with* Standard 4.42 (providing that suspension is appropriate if a lawyer either "knowingly fails to perform services for a client and causes injury or potential injury to a client," or the "lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The record supports the panel's finding of no aggravating circumstances and one mitigating circumstance (no prior discipline).

Considering all the factors, and because Nevada's disbarment is irrevocable unlike many other states, *see* Brian Finkelstein, *Should Permanent Disbarment be Permanent?*, 20 Geo. J. Legal Ethics 587, 590-91 (2007) (recognizing that the majority of states permit reinstatement after disbarment); *see also, e.g.*, California Rules of Procedure of State Bar, Rule 5.442(B) (allowing an attorney to seek reinstatement from disbarment after a five-year period), we agree with the hearing panel that Gordon's misconduct warrants suspension. We conclude, however, that consecutive suspensions would better serve the purpose of attorney discipline considering that at least two of Gordon's clients were injured, potentially seriously, and others were at least potentially injured by his misconduct; his lack of diligence and communication; and his failure to cooperate in the disciplinary investigation. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating that purpose of attorney discipline is to protect the public, the courts, and the legal profession).

We hereby suspend attorney Jason A. Gordon from the practice of law in Nevada for two terms of six months and one day, to be served consecutively, commencing from the date of this order. Additionally, as a condition of reinstatement, he shall pay $700 in restitution to James

Downen within 30 days from the date of this order. Gordon also shall pay the costs of both disciplinary proceedings, including $2,500 under SCR 120. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                             Gibbons

_____, J.          _____, J.
Pickering                                          Hardesty

_____, J.          _____, J.
Parraguirre                                       Stiglich

cc:    Chair, Southern Nevada Disciplinary Panel
        Jason A. Gordon
        Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court